## FOWLER v. ROGERS et al.

No. 7742—Opinion Filed Sept. 11, 1917.

(167 Pac. 635.)

**1. Indians—Restrictions on Alienation —Act of Congress.**

"Act of Cong. June 28, 1906, c. 3572, 34 Stat. 539, placed no restrictions upon the alienation by heirs of inherited lands allotted and deeded in the right of a member of the Osage Tribe of Indians after his death, save only the mineral interests therein reserved to the tribe, individual disposition of which is expressly inhibited."

**2. Same**

"The purpose of Act Cong. April 18, 1912, c. 83, 37 Stat. 86, was not to impose restrictions upon alienation of Osage lands, but to authorize the conveyance of such of said lands to which restrictions had attached by reason of their allotment to living members who had subsequently died, leaving surviving them Indian heirs, members of the tribe, to whom certificates of competency were issued."

(Syllabus by Bleakmore, C.)

Error from District Court, Osage County; R. H. Hudson, Judge.

Action by Louis Rogers, Sr., against Louis Rogers, Jr., and others, Rosalie Avant, Ben

Avant, and George B. Fowler, for possession of lands, damages for their retention, etc., against Fowler, and partition of the property as between plaintiff and Lois Rogers, Jr., and Rosalie Avant, with cross-petition by defendant Fowler. Judgment for plaintiff, and defendants Louis Rogers, Jr., and Rosalie Avant, and directing a partition, and defendant Fowler brings error. Reversed and remanded.

McDonald & Spence, for plaintiff in error.

Hargis & Conwell and L. P. Mosier, for defendants in error.

Opinion by BLEAKMORE, C. This case was commenced in the district court of Osage county on July 24, 1913, by Louis Rogers, Sr. as plaintiff, against Louis Rogers, Jr., Rosalie Avant, Ben Avant, and George B Fowler, defendants, seeking judgment for the possession of certain lands, damages for their retention, etc., against Fowler, and partition of the property as between plaintiff and Louis Rogers, Jr., and Rosalie Avant.

It appears by the pleadings that one Ella Rogers, an enrolled member of the Osage Tribe of Indians, entitled to an allotment of lands of the said tribe, died on March 22, 1906, leaving surviving as her only heirs the plaintiff Louis Rogers, Sr., Louis Rogers, Jr., and Rosalie Avant; that the defendant Ben Avant, a white man, is the husband of Rosalie Avant; that the lands in question were allotted in the right of Ella Rogers after her death and were inherited by her heirs, to whom patents conveying title to such land were subsequently issued; that such heirs are members of the Osage Tribe; that certificates of competency were issued to Rosalie Avant and Louis Rogers, Sr., on June 2, 1909, and March 8, 1910, respectively; that Louis Rogers, Jr., has not received a certificate of competency. Defendant Fowler asserted his right to the possession of the premises under the following contract:

"This agreement made and entered into, this 30th day of July, 1910, by and between Ben Avant, Rosalie Avant, Louis Rogers, Sr., and Louis Rogers, Jr., parties of the first part, and George B. Fowler, party of the second part, witnesseth: That parties of the first part have this day sold to party of the second part for a consideration of $7,860.00. payable as follows: $4,-000.00 cash upon the delivery and execution of this contract and a promissory note for $3,000.00 at 6 per cent. from January 1st payable one year from date. All of said property described as follows: All of the W ¼ of Sec. 12 and S. E. ¼ of S. E. ¼ of Sec. 11 and the N. E. ¼ of the N. W. ¼ of Sec. 13, Twp. 23, R. E. situated in Osage county, Oklahoma, said property containing 400 acres. The parties of the first part hereby agree and bind themselves jointly to make a good and perfect title to the above-described property, and that they further agree in said deed to convey all that they may now possess or may hereafter acquire. Parties of the first part further agree to make a deed to above property within six months or as soon thereafter as is possible to obtain title from the Interior Department at Washington, D. C. And in case they fail to make and deliver said title within two years from date, they agree to refund all money and notes that may have been received in payment for same that has been paid them by party of the second part on said land, and that a reasonable value for all improvements that party of the second part may have placed on said property, and to recompense second party for any and all increase in value on said property."

Fowler paid the $4,000 and executed and delivered his notes for $3,000, according to the provisions of said contract, and alleges that he was always ready and able and willing to comply fully with its terms, and further set forth in his answer:

"The defendant, G. B. Fowler, further alleges that he is willing and he here and now offers and tenders to the plaintiff and the defendants Louis Rogers, Jr., Rosalie Avant, and Ben Avant to deliver to them, possession of said lands and cancel said contract upon the repayment to him by said parties of the sum of $4,000 paid as herein alleged, and the return to this defendant of his note for $3,000, given as a balance of the consideration for the conveyance of said lands as hereinabove stated and set out."

By way of cross-petition and counterclaim Fowler also set forth that he had placed permanent improvements upon the land of the value of $2,170 and prayed judgment against plaintiff and defendants Louis Rogers, Jr., and Rosalie Avant in the sum of $5,310.

It seems unnecessary to advert to the pleadings of the other defendants.

The court rendered judgment on the pleadings quieting title in the plaintiff and Louis Rogers, Jr., and Rosalie Avant, as the heirs of Ella Rogers, awarding them possession of the land, and directing partition thereof, etc., from which judgment defendant Fowler has appealed.

Obviously the trial court held to the view that the contract upon which defendant Fowler relied was violative of the congressional enactment under which the lands involved were allotted. and therefore void, by reason of which he acquired no rights thereunder, and was not entitled even to a return of his note and the $4,000 advanced as a

part of the purchase price of said lands. In this holding we are of opinion that the court fell into error. The same question was before this court in the case of Kenny v. Miles, 65 Okla. —, 162 Pac. 775, wherein it was held:

"Act Cong. June 28, 1906, c. 3572, 34 Stat. at L. 539, placed no restrictions upon the alienation by heirs of inherited lands allotted and deeded in the right of a member of the Osage Tribe of Indians after his death, save only the mineral interests therein reserved to the tribe, individual disposition of which is expressly inhibited. The purpose of Act Cong. April 18, 1912, 37 Stat. at L. 86, c. 83, was not to impose restrictions upon alienation of Osage lands, but to authorize the conveyance of such of said lands to which restrictions had attached by reason of their allotment to living members, * * * who had subsequently died, leaving surviving them Indian heirs, members of the tribe, to whom certificates of competency were issued."

It would seem unnecessary to review other assignments of error, as the questions presented may not arise upon a new trial.

The judgment of the trial court should be reversed and the cause remanded.

By the Court: It is so ordered.