## MONGRAIN v. AARON et al.

No. 8832—Opinion Filed July 23, 1918.

(174 Pac. 755.)

### Indians—Alienation of Inherited Land.

"Act Cong. June 28, 1906, c. 3572, 34 Stat. 539, placed no restrictions upon the alienation by heirs of inherited lands allotted and deeded in the right of a member of the Osage Tribe of Indians after his death, save only the mineral interests therein reserved to the tribe, individual disposition of which is expressly inhibited."

(Syllabus by Pryor, C.)

Error from District Court, Osage County; R. H. Hudson, Judge.

Suit by Ada C. Mongrain against W. H. Aaron and others. From a judgment for defendants on the pleadings. plaintiff appeals. Affirmed.

Preston A. Shinn, for plaintiff in error.

H. P. White, for defendants in error Aaron, Levin, Smith, Martin, and Lamberton.

Opinion by PRYOR, C. This action was commenced in the district court of Osage county by Ada C. Mongrain, plaintiff in error, against W. H. Aaron et al., defendants in error, to quiet title in certain lands in Osage county. The facts alleged by plaintiff, in so far as necessary to determine the questions raised here, are that the land involved here is a part of the apportionate share of the land of the Osage Nation which Carl Gray was entitled to as a member of the Osage Tribe of Indians; that during the year 1906 Carl Gray died without receiving his allotment, and the allotment deed was issued to his heirs; that Jennie Gray and Clarence Gray were the father and mother of Carl Gray and his sole heirs; that they were noncompetent Indians of said tribe; that on the 25th day of May, 1910, Jennie Gray and Clarence Gray executed and delivered a deed to the lands in question to W. H. Aaron et al.; that on the 15th day of December, 1911, the Secretary of the Interior issued to Jennie Gray a certificate of competency, and on April 18, 1912, the restrictions were removed upon the lands by the passage of an act of Congress; that on the 5th day of October, 1914, Jennie Gray conveyed her interest in said land to the plaintiff, Ada C. Mongrain. The petition alleges that plaintiff is in possession of said land, and asks that the deed exe-

cuted to the defendants on May 25, 1910, and all evidences of title arising out of such deed, be canceled and removed as a cloud upon the title of plaintiff The answer of defendants was, in effect, in so far as material to the questions raised here, an admission of the allegations of the petition. The defendants moved for a judgment on the pleadings, which was sustained by the court, and judgment rendered for the defendants and against the plaintiff, and plaintiff appealed.

The only question presented by the pleadings necessary to the determination of the controversy between the plaintiff and defendants is whether or not the lands involved herein were restricted on May 25, 1910, before the issuance of the certificate of competency to Jennie Gray or the removal of the restrictions from lands of this character by Act Cong. April 18, 1912, c. 83, 37 Stat. 86. If the lands were restricted at the date of the deed, the deed is absolutely void, and the defendants took no title to the land by reason thereof.

This question has been passed on squarely by this court, and this court has held that, where a member of the Osage Tribe of Indians dies before receiving his allotment and the patent is issued to the heirs of such allottee, also members of such tribe, the heirs take such land free from restriction, and may convey the same, free from all restrictions, upon alienation, except the mineral interests, which are reserved to the tribe. Kenney v. Miles, 65 Okla. 40, 162 Pac. 775; Fowler v. Rogers, 66 Okla. 78, 167 Pac. 635. Under these authorities the judgment of the trial court must be sustained.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.